Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212)695-6000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                  Chapter 11
CHUNG FAT SUPERMARKET, INC.,                        Case No. 15-

                                          Debtor.
--------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

STATE OF NEW YORK       )
                                          )  ss.:
COUNTY OF NEW YORK   )

      YUE MEI JIANG, being duly sworn, deposes and says:

      1.   I am the Co-Chief Operating Officer of Chung Fat Supermarkets, Inc., the debtor and debtor-in-possession herein.  I am familiar with the facts and circumstances as recited herein.  This affidavit is submitted pursuant to Local Bankruptcy Rule 1007-4.  The Debtor operates a supermarket located at 41-82 Main Street, Flushing, New York 11355.  The Debtor is not a small business within the meaning of Bankruptcy Code §101(51)(D).

      2.   On December 21, 2015 (the "Petition Date"), the Debtor  filed a voluntary petition for relief  under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered.  The Debtor remains in possession of its property and is continuing to manage its affairs as a debtor-in-possession.  No trustee, custodian or receiver was appointed, and no committee of creditors was formed, prior to the Petition Date.

3.   All attempts to settle that action were unsuccessful.  On October 9, 2012, Hong Guang Ma commenced an action in State Supreme Court, Queens County against the Debtor, among others, for multiple injuries sustained from falling approximately ten (10) feet off a ladder which he placed on a rolling scaffold.[1]  On December 3, 2015, a jury awarded Mr. Ma damages of approximately $5.6 million for his injuries and pain and suffering.  It is the Debtor's intention to retain special counsel to work with Debtor's counsel to take an appeal of the jury award.  Prior to the issuance of the jury verdict the Debtor had unsuccessfully attempted to resolve the dispute.

4.   Pursuant to LBR 1007-4 (a)(v), a list containing the names and addresses of what I believe to be the Debtor's twenty largest unsecured creditors, excluding insiders, is simultaneously being  filed with the Court.

5.   Pursuant to LBR 1007-4 (a)(vi), all of the Debtor's secured creditors are listed in Schedule D which is simultaneously being  filed with the Court.

6.   Pursuant to LBR 1007-4 (a)(vii), an approximate summary of the Debtor's assets and liabilities are set forth in Schedules B, D, E, and F which is simultaneously being filed with the Court.

7.   Pursuant to LBR 1007-4 (a)(viii), the shareholders of the Debtor are:

| Name | Percent of Common Stock Owned |
|------|-------------------------------|
| Xin Xin Chiang | 25% |
| Yue Mei Jiang | 50% |
| Chuan Hou Wang | 25% |

---

[1]On December 1, 2014, the Workers' Compensation Law Judge ("WCLJ") determined that the Debtor was the general contractor of the work performed at the premises of J. Harvest LLC, consisting of a vacant lot and building. The insurance carrier of the Debtor is disclaiming coverage.

8.  Pursuant to LBR 1007-4(a)(ix), there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

9.  Pursuant to LBR 1007-4(a)(x), the Debtor leases the premises located at 41-82 Main Street, Flushing, New York.  The lease expires on March 31, 2019.  The lease has no renewal terms.

10.  Pursuant to LBR 1007-4(a)(xi), the Debtor's assets and books and records are all maintained at the Debtor's premises.

11.  Pursuant to LBR 1007-4(a)(xii), there are no pending actions or proceedings against the Debtor except:  *Hong Guang Ma v. J. Harvest, LLC, Xin Xin Chiang and Chung Fat Supermarkets, Inc.*, Index No. 21050/2012 which resulted in a verdict in favor of the personal injury Plaintiff and (ii) *Maria Acosta v. Chung Fat Supermaket, Inc. d/b/a Sky Foods Supermarket, et. Al.,* Index No. 15996/13 (which has recently settled).

12.  Pursuant to LBR 1007-4(a)(xiii), the operations of the Debtor are primarily supervised by:

| Name | Responsibility |
|---|---|
| Yue Mei Jiang | Management and day-to-day operations |
| Chuan Hou Wang | Management and day-to-day operations |

13.  Pursuant to LBR 1007-4(xiv), the amount of the monthly payroll for: the Debtor's full and part-time employees (exclusive of officers, directors, stockholders) will approximate $40,000.00 to $50,000.00 following the filing of the Chapter 11 Petition.

14.  Pursuant to LBR 1007-4(xv) the amount to be paid to the officers of the Debtor for the next thirty (30) days is $50,000.00.

15. Pursuant to LBR 1007-4(xvi) the Debtor's income during the thirty (30) day period following the commencement of the chapter 11 case will total approximately $275,000.00.  The Debtor's expenses and disbursements (inclusive of salaries) for the same period will total approximately $257,000.00.

16.    Under the supervision of the Bankruptcy Court, we will be able to formulate a Chapter 11 Plan and, accordingly, pay creditors substantially more than the creditors would receive if the Debtor went through a forced liquidation.


        /s/Yue Mei Jiang
        YUE MEI JIANG

Sworn to before me this
21st day of December, 2015

   /s/Douglas J. Pick
Douglas J. Pick
Notary Public, State of New York
No. 02PI4758430
Qualified in New York County
Commission Expires February 26, 2019