UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                :

In re                                                     :         Chapter 11
                                                     :

CHUNG FAT SUPERMARKET, INC.,        :
                                                   :         Case No.  15-45685 (ESS)
                                                   :

                       Debtor.               :
                                                 :
---------------------------------------------------------------x

**LIMITED OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S
APPLICATION FOR ORDER AUTHORIZING: (A) MAINTENANCE OF A
CERTAIN PREPETITION BANK ACCOUNT; (B) CONTINUED USE OF
EXISTING FORMS RELATED TO THE BANK ACCOUNT; AND
(C) CONTINUED USE OF SERVICES OF ADP, INC.**

      William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this limited objection (the "Objection") to the motion (the "Motion") of Chung Fat Supermarket, Inc. (the "Debtor") for an order authorizing: (A) maintenance of a certain prepetition bank account; (B) continued use of existing forms related to the bank account; and (C) continued use of services of ADP, Inc.  In support thereof, the United States Trustee respectfully states:

## I.  INTRODUCTION

      Section 345(b) the Bankruptcy Code and the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees (the "Guidelines") were promulgated to protect all creditors against the loss of estate funds deposited or invested by debtors.  The United States Trustee objects the Motion, to the extent it seeks authorization to maintain pre-petition bank accounts, because the Debtor requests that the Court

1

waive the requirements of section 345(b) and the Guidelines by permitting the Debtor to maintain estate funds in an unprotected bank account.[1]

Section 345(a) of the Bankruptcy Code is mandatory, and directs that debtors deposit or invest money of the estate to achieve the "maximum reasonable net return" while ensuring the safety of the deposit or investment. Waiver of section 345 is disfavored and can only be granted upon a showing of "cause." Here, the Debtor has not established such cause. The Motion is unsupported by affidavit or other competent evidence to warrant the Court waiving the protections in section 345(b) of the Bankruptcy Code and the Guidelines. Moreover, the Debtor's request appears to be based upon the convenience of using existing bank accounts for purposes of receiving credit card receivables and transferring funds for payroll instead of upon the requisite cause to waive the statutory requirements. Accordingly, the request for a waiver of the requirements of section 345 and the Guidelines should be denied.

## II. STATEMENT OF FACTS

**Procedural History**

1.   On December 21, 2015, the Debtor filed a petition for relief under chapter 11 petition of the Bankruptcy Code. ECF Doc. No. 1.

2.   No Trustee or Examiner has been appointed in this case, and the Debtor remains in control and possession of its assets as a debtor-in-possession.

3.   On January 14, 2016, the United States Trustee was appointed an official committee of unsecured creditors (the "Committee"). ECF Doc. No. 16. To date, the Committee has not sought to retain counsel.

---

[1] The Debtor has agreed to stamp, or otherwise indicate its debtor in possession status, on its business forms, and the United States Trustee is not interposing an objection to the continued use of ADP, Inc. to process payroll.

**Assets and Liabilities**

4. The Debtor scheduled no real property and personal property with an aggregate value of $1,873,502.00, including $400,000.00 in funds on deposit in an account (the "JP Morgan Account") with JP Morgan Chase Bank, N.A.; $200,000.00 in funds on deposit in a checking account with United International Bank ("UIB"); $88,351.00 on deposit in an account with Industrial and Commercial Bank of China ("ICBC"); and $110,294.00 on deposit in an account with Cathay Bank. ECF Doc. No. 11; ECF. No. 1, Petition, Schedule A/B.

5. The Debtor did not schedule any secured claims, and scheduled $9,408,046.75 in unsecured claims. Id., Schedule E/F.

**The Guidelines**

6. The Guidelines require that

> All pre-petition bank accounts controlled by the debtor must be closed immediately upon the filing of the petition, and the debtor shall immediately open new debtor-in-possession operating, payroll and tax accounts at a United States Trustee Authorized Depository.

Guidelines at 2, ¶ 5.

**The Motion**

7. The Debtor filed the Motion on January 11, 2016. ECF Doc. No. 10. With regard to the JP Morgan Account, the Motion provided that,

> JP Morgan Chase is an approved bank depository in the Southern District of New York. In addition to being the primary deposit account for the Debtor's cash operating receipts, the [JP Morgan Account] is also set up to accept receipts from credit card purchases made by its customers and by ADP . . . for the purpose of issuing checks to employees and paying the Debtor's payroll taxes and liabilities.

Id. at 3, ¶ 7.

8. Although JP Morgan Chase, N.A. is an authorized depository in the Southern and Eastern Districts of New York, it is not currently opening new debtor-in-possession accounts.

3

9. ICBC, UIB and Cathay Bank are not authorized depositories in the Eastern District of New York.

10. The Debtor seeks to continue the use of its existing JP Morgan Account[2] and open new ledgers for post-petition transactions.  Id. at 3, fn. 2.

11. The Debtor seeks to maintain its pre-petition JP Morgan Account on the grounds that opening a debtor-in-possession account would "unnecessarily disrupt the administration of the Debtor's collection of credit card receivables and payroll and may have adverse economic and operational consequences on the Debtor's relations with its vendors and creditors."  Id. at 3,¶ 8.

## III.  OBJECTION

### A.  Deposit and Investment Requirements of 11 U.S.C. § 345

Section 345(a) of the Bankruptcy Code directs that the trustee[3] must deposit or invest money of the estates to achieve the "maximum reasonable net return" while considering the safety of the deposit or investment.  11 U.S.C. § 345(a).  Section 345 (b) provides that

> Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested – (1) a bond – (A) in favor of the United States; (B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and (C) conditioned on – (i) a proper accounting for all money so deposited or invested and for any return on such money; (ii) prompt repayment of such money and return; and (iii) faithful performance of duties as a depository; or (2) the deposit of securities of the kind specified in section 9303 of title 31; unless the court for cause orders otherwise.

11 U.S.C. § 345(b).

---

[2] Although the Debtor has indicated to the United States Trustee that it intends to close the ICBC, UIB and Cathay Bank accounts, it has not provided proof of such closure or evidenced a transfer of funds to the JP Morgan Account.
[3] These duties apply equally to a debtor-in-possession pursuant to section 1107 of the Bankruptcy Code.  11 U.S.C. § 1107.

The Court's ability to excuse strict performance of the deposit and investment requirements of section 345(b) of the Bankruptcy Code "for cause" arises from the 1994 Amendments to the Bankruptcy Code. The legislative history of that amendment provides:

> Section 345 of the Code governs investments of funds of bankruptcy estates. The purpose is to make sure that funds of a bankrupt that are obliged to creditors are invested prudently and safely with the eventual goal of being able to satisfy all claims against the bankruptcy estate. Under current law, all investments are required to be FDIC insured, collateralized or bonded. While this requirement is wise in the case of smaller debtors with limited funds that cannot afford a risky investment to be lost, it can work to needlessly handcuff larger, more sophisticated debtors. This section would amend the Code to allow the courts to approve investments other than those permitted by section 345(b) for just cause, thereby overruling In re Columbia Gas Systems, Inc., 33F.3d 294 (3d Cir. 1994).

In re Service Merch. Co., Inc., 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (quoting H.R. Rep. 103-834, 103rd Cong., 2nd Sess. 224 (Oct. 4, 1994); 140 Cong. Rec. H10767 (Oct. 4, 1994)).

In determining whether cause exists to waive the requirement under section 345(b), courts consider the "totality of the circumstances," including:

(a) the sophistication of the debtor's business;

(b) the size of the debtor's business operations;

(c) the amount of the investments involved;

(d) the bank ratings (such as Moody's and Standard and Poor's) of the financial institutions where the debtor-in-possession funds are held;

(e) the complexity of the case;

(f) the safeguards in place within the debtor's own business of insuring the safety of the funds;

(g) the debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;

(h) the benefit to the debtor;

(i) the harm, if any, to the estate; and

      (j) the reasonableness of the debtor's request for a waiver of section 345(b) requirements in light of the overall circumstances of the case.

Service Merch., 240 B.R. at 896.

### B. The Debtor Has Not Established Cause Sufficient to Warrant Waiver of the Protective Requirements of Section 345 of the Bankruptcy Code

The Debtor seeks a waiver of the requirements of section 345 of the Bankruptcy Code to allow the JP Morgan Account to be maintained post-petition, but has not established "cause" for such a waiver. See Service Merch., 240 B.R. at 896. The Debtor has not filed any affidavits or other competent evidence to show that a waiver of section 345 is appropriate in its case. The factors enumerated by the court in Service Merch. collectively support the denial of the Motion.

The Debtor's business is not particularly large or sophisticated, and the amount on deposit is relatively modest. Id. at 896 (considering factors (a), (b), (c) and (e)). Further, the Motion does not provide information regarding the Debtor's protection of the funds in the accounts at JP Morgan, ICBC, UIB and Cathay Bank; the stability or rating of JP Morgan, ICBC, UIB and Cathay Bank; or any other safeguards in place within the Debtor's own business. Id. (considering factors (d), (f), and (g)). The Debtor states that opening a debtor-in-possession account will "unnecessarily disrupt" its transactions however, the Debtor has not made any representation that it will incur any harm or provided any evidence of specific issues that will arise with the opening of new debtor-in-possession account. At best, the Debtor speculates that opening a debtor-in-possession account "may have adverse . . . consequences." Motion at 3,¶ 8. Finally, the Debtor has not articulated any benefit by obtaining a waiver, while the potential harm that the Debtor will suffer if funds are lost is indisputable. Service Merch., 240 B.R. at 896

(considering factors (h) and (i)).  A debtor-in-possession account in an authorized depository is the only way to ensure that estate funds are secure and protected from potential loss.

The Debtor has failed to established cause to waive the requirements of section 345(b) of the Bankruptcy Code.  Because estate funds are at risk, the Court should deny the request for a waiver of the requirements of section 345(b) of the Bankruptcy Code.  Should the Court determine that cause exists for this account to be maintained, the Debtor should be required to obtain the appropriate bond in favor of the United States, or other security.

## IV. **CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests the Court enter an order denying the Motion and granting further relief as is just and necessary.

Dated: New York, New York
      January 27, 2016

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Rachel B. Weinberger*
Rachel Weinberger (RW-5767)
Trial Attorney
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255